IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

DANIEL LITTLEPAGE,

        Petitioner,      :      Case No. 1:20-cv-962

 - vs -                              District Judge Matthew W. McFarland
                                       Magistrate Judge Michael R. Merz

JUDGE NORBERT A. NADEL,

                                       :

        Respondent.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Motion of Daniel Littlepage for leave to proceed on appeal *in forma pauperis* (ECF No. 13). Motions to proceed *in forma pauperis*, if they are to be denied, require a report and recommendation from the assigned Magistrate Judge.

Littlepage filed this case on November 30, 2020, accusing Hamilton County Common Pleas Judge Norbert Nadel of various acts of criminal malfeasance (ECF No. 1). Although he did not label his initial pleading as a petition form writ of habeas corpus, the Magistrate Judge inferred that that was the nature of the case because (1) Littlepage paid only the filing fee for a habeas corpus case and (2) he sought habeas corpus relief (Transfer Order, ECF No. 4, PageID 41). The case was transferred to the Sixth Circuit because this Court had no jurisdiction to proceed without circuit court permission on a second habeas corpus petition.

The Sixth Circuit agreed with this Court's characterization of the initial pleading as a second or successive habeas corpus petition and denied Littlepage leave to proceed. *In re: Daniel*

*Littlepage*, Case No. 20-4265 (Copy at ECF No. 7). Judge McFarland then dismissed the case on that basis (ECF Nos. 9 and 10). It is from that judgment that Littlepage has appealed and seeks waiver of the appellate filing fee (ECF Nos. 9 and 10).

Littlepage claims that this case was filed as an original action against Judge Nadel and not as a habeas petition (Motion, ECF No. 13, PageID 58). Whether Littlepage put the correct label on his initial pleading, characterization of that pleading as a second or successive habeas corpus petition has become the law of the case. In addition, Littlepage still seeks habeas relief by demanding a new trial at least six times. He cannot get a new trial unless this Court grants habeas corpus relief which it lacks jurisdiction to do. He accuses this Court of ignoring Judge Nadel's purported crimes, but accusations of federal crimes do not become actionable unless a federal grand jury has indicted the accused. Littlepage is welcome to approach the United States Attorney with these accusations, but the Fifth Amendment precludes court action in the absence of an indictment.

**Conclusion**

Littlepage has not presented any issue to be raised on appeal in the current case that is not objectively frivolous. The Court should deny the instant Motion, then certify a finding of objective frivolousness to the Sixth Circuit.

March 30, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
