# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

DANIEL LITTLEPAGE,

                Petitioner,             :     Case No. 1:20-cv-962

  - vs -                            District Judge Matthew W. McFarland
                                              Magistrate Judge Michael R. Merz

JUDGE NORBERT A. NADEL,

                                    :
               Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Motion of Daniel Littlepage for leave to proceed on appeal *in forma pauperis* (ECF No. 13). The undersigned recommended that the Motion be denied (Report, ECF No. 14), Littlepage objected (Objections, ECF No. 15), and District Judge McFarland has recommitted the case for reconsideration in light of the Objections (Order, ECF No. 16).

Littlepage filed this case on November 30, 2020, accusing Hamilton County Common Pleas Judge Norbert Nadel of various acts of criminal malfeasance (ECF No. 1). Although he did not label his initial pleading as a petition form writ of habeas corpus, the Magistrate Judge inferred that that was the nature of the case because (1) Littlepage paid only the filing fee for a habeas corpus case and (2) he sought habeas corpus relief (Transfer Order, ECF No. 4, PageID 41). The case was transferred to the Sixth Circuit because this Court had no jurisdiction to proceed without circuit court permission on a second habeas corpus petition.

The Sixth Circuit agreed with this Court's characterization of the initial pleading as a second or successive habeas corpus petition and denied Littlepage leave to proceed. *In re: Daniel Littlepage*, Case No. 20-4265 (Copy at ECF No. 7). Judge McFarland then dismissed the case on that basis (ECF Nos. 9 and 10). It is from that judgment that Littlepage has appealed and seeks waiver of the appellate filing fee (ECF Nos. 9 and 10). The undersigned recommended denial of the Motion and certification to the Sixth Circuit that the appeal was objectively frivolous (Report, ECF No. 14).

Littlepage first objects that there is nothing frivolous about the crimes he has alleged against Judge Nadel (ECF No. 15, PageID 91). But that is not what the Report recommends. It is objectively frivolous to attempt to raise those issues in an appeal from a denial of a habeas corpus petition for lack of subject matter jurisdiction.

Littlepage next objects that this Court could have told him any time in the last three years to take these issues to the United States Attorney first. That is true.

Littlepage's Third Objection is that neither the undersigned nor the Sixth Circuit should have re-characterized his Petition, but just decided the issues actually presented, citing *Castro v. United States*, 540 U.S. 375, 377 (2003). Castro does not support Littlepage's position. In that case the Supreme Court held a district court could not re-characterize a *pro se* litigant's motion as a first motion to vacate under 28 U.S.C. § 2255 without giving the defendant an opportunity to amend in order to protect the litigant from the bar of second or successive § 2255 motions. That is not what happened here. Littlepage himself labeled his initial filing in this case as a Petition for Habeas Corpus and paid the filing fee appropriate to a habeas case. All the Sixth Circuit and this Court did was to take him at his word.

As to Littlepage's Fourth Objection, see the response as to Objection One.

Littlepage's Fifth and Sixth Objections accuse the undersigned of violating his ethical obligation to report misconduct of Judge Nadel.  This obligation allegedly arises from "Canon Rule 2.15" which is no part of the Code of Conduct for Federal Judges.  Littlepage may be referring to Canon 2.15 of the Code of Conduct for Ohio Judges which provides "**(A)** A judge having knowledge that another judge has committed a violation of this Code that raises a question regarding the judge's honesty, trustworthiness, or fitness as a judge in other respects shall inform the appropriate authority."  That Code does not apply to federal judges.

Even if it did apply to federal judges generally, it would not apply here.  I have no knowledge of any misconduct by Judge Nadel.  Instead, I have knowledge of accusations of misconduct made by a man serving a life sentence for murdering his brother and trying to use those accusations to upset his conviction, a conviction upheld by many courts over time.

Seventh Objection:  Littlepage claims he was told what filing fee to pay and nothing should be inferred from his paying the habeas filing fee.  The undersigned accepts that correction.

**Conclusion**

Having reconsidered the Report in light of the Objections, the Magistrate Judge adheres to his prior recommendation:  the Court should deny Littlepage permission to appeal *in forma pauperis* from the final judgment and should certify to the Sixth Circuit that any appeal from that judgment would be objectively frivolous and should not be permitted by the Court of Appeals to proceed *in forma pauperis*.

April 17, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge