IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

DANIEL LITTLEPAGE,

         Petitioner,      :      Case No. 1:20-cv-962

 - vs -                             District Judge Matthew W. McFarland
                                     Magistrate Judge Michael R. Merz

JUDGE NORBERT A. NADEL,

                                   :

         Respondent.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Daniel Littlepage's Objections (ECF No. 18) to the Magistrate Judge's Supplemental Report and Recommendations (ECF No. 17) recommending for a second time that Littlepage's pending appeal should not be allowed to proceed *in forma pauperis* (ECF No. 11). District Judge McFarland has recommitted the case for reconsideration in light of the Objections (Recommittal Order, ECF No. 19).

**Objection One:**    Littlepage objects that this is not a habeas corpus case, but an "Original action involving misconduct of a judge." (ECF No. 18, PageID 103).  In his Complaint, he details thirteen pages of state and federal crimes which he alleges were committed by Judge Norbert Nadel in his individual and professional capacities.  But at the end of the Complaint he alleges this entitles him to a new trial. *Id.* at PageID 33.  That relief can only be granted in a habeas corpus action which Littlepage insists this is not.  He does not seeks any other relief.  This Court has no subject matter jurisdiction to try the Ohio crimes Littlepage alleges; it only has jurisdiction to try the federal

1

crimes alleged in an action brought by the United States Attorney and an indictment returned by a federal grand jury, which has not happened here. To put it another way, a citizen has no power to charge another citizen with state and federal crimes in federal court. Therefore dismissal for lack of subject matter jurisdiction was the correct result and any appeal from that decision is objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**Objection Two:** Relying on *Castro v. United States*, 540 U.S. 375 (2003), asserts this Court should decide the issues presented by the parties. The Magistrate Judge explained *Castro* in the Supplemental Report, but Littlepage seems determined not to accept that explanation. Regardless of how Castro is properly reads, it does not erase the limits on federal court jurisdiction which do not permit this case to proceed as pleaded.

**Objection Three:** Littlepage has accused the undersigned of dereliction in his duty as a judge to report Judge Nadel's misconduct. In the Supplemental Report, I demurred to that accusation by asserting I have no knowledge of any such misconduct. What I have is knowledge of Littlepage's repeated assertion of that misconduct, but I do not accept Littlepage's characterizations of that conduct as criminal.

**Conclusion**

Having reconsidered the case in light of the most recent set of Objections, the undersigned continues to respectfully recommend that the Court certify to the Sixth Circuit that Littlepage's pending appeal is objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 3, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*<br>
United States Magistrate Judge